USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: NOV 14 2012

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA      :    INDICTMENT

    -v.-                        :    12 Cr.

BRIAN RAMNARINE,              :

            Defendant.       :    12 CRIM 826

- - - - - - - - - - - - - - - - x

COUNT ONE

(Wire Fraud)

The Grand Jury charges:

THE DEFENDANT

1.  At all times relevant to this Indictment, BRIAN RAMNARINE, the defendant, was the owner of Empire Bronze Art Foundry ("Empire Bronze"), a foundry that provided, among other services, casting of metal sculptures for artists. RAMNARINE was and had a reputation for being highly skilled in casting bronze sculptures. At all times relevant to this Indictment, Empire Bronze was located in Long Island City, New York.

THE AUTHENTIC AND AUTHORIZED WORK OF ART

2.  In or about 1960, Jasper Johns ("Johns"), a preeminent American artist, created a metallic collage on canvas depicting an American flag, and titled it "Flag" (the "1960 Flag"). After creating the 1960 Flag, Johns gave it to a fellow artist ("Artist-1") as a gift. At all times relevant to this Indictment, the 1960 Flag remained in the possession of Artist-1's estate.


JUDGE KOELTL

## THE SCHEME TO DEFRAUD

3.  In or about 1990, Johns provided a mold of the 1960 Flag (the "Flag Mold") to BRIAN RAMNARINE, the defendant, and Empire Bronze, and Johns instructed RAMNARINE to use the Flag Mold to make a wax cast. Although RAMNARINE completed the wax cast and provided it to Johns, RAMNARINE never returned to Johns the Flag Mold from which the wax cast was made. At no time did Johns or any of his agents authorize RAMNARINE or Empire Bronze to manufacture a sculpture from either the Flag Mold or the wax cast of the 1960 Flag.

4.  In or about March 2010, at the direction of BRIAN RAMNARINE, the defendant, an agent ("Agent-1") for RAMNARINE contacted a representative of a public auction house that specialized in the sale of rare art and that was located in, among other places, New York, New York and London, England (the "Auction House"). Based on representations that RAMNARINE made to Agent-1, Agent-1 told that Auction House representative, in sum and in part, that RAMNARINE owned a purportedly authorized Johns bronze sculpture titled "Flag," created in or about 1989 (the "Purported 1989 Bronze Flag"). Subsequently, in or about April 2010, another representative from the Auction House met with RAMNARINE, Agent-1 and another of RAMNARINE's representatives at Empire Bronze in Long Island City, New York, and was shown the Purported 1989 Bronze Flag.

5. Also in or about March 2010, BRIAN RAMNARINE, the defendant, directed various art brokers and other agents to attempt to sell the Purported 1989 Bronze Flag. From in or about March 2010 through in or about May 2010, several art brokers working on behalf of RAMNARINE were in frequent contact with an art collector residing in the western United States (the "Art Collector") and the Art Collector's representatives regarding the possible sale of Johns artwork, including the Purported 1989 Bronze Flag. Through an art broker, RAMNARINE informed the Art Collector's representatives that RAMNARINE would sell the Purported 1989 Bronze Flag for approximately $11,000,000.

6. In or about March 2010 and April 2010, in response to doubts expressed by the Art Collector about the purported provenance (*i.e.*, the history of ownership of a work of art) of the Purported 1989 Bronze Flag, one of the art brokers working for BRIAN RAMNARINE, the defendant, stated, in sum and in part, that the Purported 1989 Bronze Flag was a gift to the seller, RAMNARINE, from Johns. The art broker made this representation based on information and documents provided by RAMNARINE, including a purported letter from Johns, dated August 23, 1989 (the "August 23, 1989 Letter"). One of RAMNARINE's agents subsequently provided the August 23, 1989 Letter to the Art Collector's representatives.

7. On or about April 26, 2010, one of the Art Collector's representatives provided a letter of interest

3

regarding, among other works of art, the 1989 Bronze Sculpture, to art brokers and other agents working for BRIAN RAMNARINE, the defendant.

  8. Also in or about May 2010, BRIAN RAMNARINE, the defendant, and Agent-1 arranged to show one of the Art Collector's representatives the 1989 Bronze Sculpture at an art storage facility in New York, New York. On or about May 6, 2010, a representative for the Art Collector met with RAMNARINE and Agent-1, among others, at the art storage facility in New York, New York. During this meeting, RAMNARINE showed the representative the 1989 Bronze Sculpture and documents purporting to demonstrate the sculpture's authenticity and RAMNARINE's rightful ownership of the sculpture.

  9. However, in truth and in fact and as BRIAN RAMNARINE, the defendant, well knew, Johns never authorized the production of the Purported 1989 Bronze Flag and never transferred ownership of any such work of art to RAMNARINE. Rather, in or about 1990, BRIAN RAMNARINE, the defendant, against Johns's earlier instructions and without authorization, used the Flag Mold to manufacture the Purported 1989 Bronze Flag, dated it "1989," and forged Johns's signature on the back of the sculpture. In an effort to further the fraud, RAMNARINE created false and fraudulent letters and other documents, as discussed above, in an effort to deceive potential buyers of the Purported 1989 Bronze Flag into believing that the sculpture was a genuine

4

and authorized Johns work of art and that RAMNARINE had rightful ownership of that art. Lastly, although RAMNARINE at one point stated that he was able to arrange a meeting between a representative for the Art Collector and Johns, RAMNARINE did not have an ongoing relationship with Johns and had no intention of arranging any such meeting.

## STATUTORY ALLEGATION

10. From at least in or about March 2010 up to and including in or about May 2010, in the Southern District of New York and elsewhere, BRIAN RAMNARINE, the defendant, willfully and knowingly, having devised and intending to devise a scheme and artifice to defraud, and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, did transmit and cause to be transmitted by means of wire communication in interstate and foreign commerce, writings, signs, signals, pictures, and sounds for the purpose of executing such scheme and artifice, to wit, RAMNARINE engaged in a scheme to defraud potential purchasers into buying the Purported 1989 Bronze Flag by, among other things, falsely representing the authenticity and provenance of the artwork. In furtherance of executing such scheme, RAMNARINE caused interstate e-mails to be sent from New York, New York to the Art Collector's representative in or about March 2010.

(Title 18, United States Code, Section 1343.)

## FORFEITURE ALLEGATION

11. As the result of committing the wire fraud offense alleged in Count One of this Indictment, BRIAN RAMNARINE, the defendant, shall forfeit to the United States pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461, all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of the offense, including but not limited to the following:

    a. A sculpture, purported to be (a) titled "Flag" and (b) created by Johns in or about 1989, and which is made of bronze with silver plate and gold plate, marked "1/1," stamped "Empire Bronze," and measures 19.5 x 12.75 x 1.5 inches; and

    b. Any and all molds and/or facsimiles of the 1960 Flag.

### Substitute Asset Provision

12. If any of the above-described forfeitable property, as a result of any act or omission of BRIAN RAMNARINE, the defendant:

    a. cannot be located upon the exercise of due diligence;

    b.    has been transferred or sold to, or deposited with, a third person;

    c.    has been placed beyond the jurisdiction of the Court;

    d.    has been substantially diminished in value; or

    e.    has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p), to seek forfeiture of any other property of said defendant up to the value of the above forfeitable property.

(Title 18, United States Code, Sections 981(a)(1)(C) and 1343;
Title 21, United States Code, Section 853(p);
Title 28, United States Code, Section 2461.)

_____      _____
FOREPERSON                                         PREET BHARARA
                                                         United States Attorney

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

-v.-

BRIAN RAMNARINE,

Defendant.

Indictment

12 Cr.

(18 U.S.C. § 1343.)

PREET BHARARA
United States Attorney.

A TRUE BILL

Foreperson.

11/14/12 Filed Indictment Under Seal. A/W issued.
Francis
U.S.M.J